UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE MYERESS, | Docket No. 1:17-cv-8367 |
| Plaintiff, | |
| - against - | JURY TRIAL DEMANDED |
| KHON THAI AMERICA LLC | |
| Defendant. | |

## COMPLAINT

Plaintiff Joe Myeress ("Myeress" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Khon Thai America LLC ("Khon" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyright photograph of a landscape of South Florida, owned and registered by Myeress, a professional photographer. Accordingly, Myeress seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Myeress is a professional photographer in the business of licensing his photographs to online and print media for a fee, having a usual place of business at 9574 Knightsbridge Circle, Sarasota, Florida 34238.

6. Upon information and belief, Khon is a domestic limited liability company duly organized and existing under the laws of the State of Illinois, with a place of business at 4001 North Springfield, Avenue #1, Chicago, IL 60618. At all times material hereto, Khon has owned and operated a website at the URL: www.Khonthaiamerica.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. Myeress photographed a landscape in South Florida (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Myeress is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given Registration Number VA 1-955-450.

**B.   Defendant's Infringing Activities**

10. Khon copied the Photograph and placed it on the Website. See http://www.khonthaiamerica.com/article/city/. A screen shot of the Photograph on the Website is attached here to Exhibit C.

11.     Khon did not license the Photograph from Plaintiff for its Website, nor did Khon have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST KHON)
## (17 U.S.C. §§ 106, 501)

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Khon infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Khon is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Khon have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST KHON
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. When the Photograph was first published it contained a watermark with Plaintiff's name on it which is copyright management information protected under 17 U.S.C. § 1202(b).

21. Upon information and belief, Khon cropped out the watermark and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Khon violates 17 U.S.C. § 1202(b).

23. Khon's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24. Upon information and belief, the removal of said copyright management information was made by Khon intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.  Khon also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25. As a result of the wrongful conduct of Khon as alleged herein, Plaintiff is entitled to recover from Khon the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Khon because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Khon statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Khon be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Khon be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 505;

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 30, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Joe Myeress*